IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUBY D. BLAKENEY              :
                              :
        v.                    :        Civil Action No. CCB-08-2939
                              :
CITY OF ANNAPOLIS (MD).        :
                    …o0o…

## MEMORANDUM

Now pending before the court is a motion to dismiss or, in the alternative, a motion to strike, filed by defendant the City of Annapolis, Maryland.[1] Plaintiff Ruby Blakeney's amended complaint[2] contains several causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"). The issues in this motion have been fully briefed and no hearing is necessary. For the reasons stated below, the defendant's motion, which will be construed as one for summary judgment, will be granted.

## BACKGROUND

Ms. Blakeney, who currently serves as the Director of Small Business and Minority Enterprise for the City of Annapolis, alleges she suffered discrimination and harassment amounting to a hostile work environment as a result of her race and gender. She also alleges that

---

[1] Ms. Blakeney originally named Mike Miron as an additional defendant. Her amended complaint, however, withdraws any allegations against Mr. Miron.

[2] The plaintiff filed a motion for leave of court to file an amended complaint, but this was unnecessary pursuant to Fed. R. Civ. P. 15(a). Under Rule 15(a)(1), a complaint may be amended once as a matter of course before a responsive pleading has been filed. Here, the defendant filed a motion to dismiss the original complaint a matter of hours before the plaintiff filed her amended complaint. A motion to dismiss, however, is not a responsive pleading for the purposes of Rule 15(a)(1), and therefore Ms. Blakeney was permitted to amend her complaint without leave of court. *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n. 1 (4th Cir. 1993). To clarify the docket, the court will grant the plaintiff's motion for leave to amend. Because the plaintiff had a right to amend her complaint once as a matter of course, the defendant's motion to dismiss the original complaint will be denied as moot.

1

she was retaliated against for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

Ms. Blakeney began working as a permanent employee for the City of Annapolis in her current position in November 2006, after having served as an independent contractor for the city since July 2003. She alleges that her immediate supervisor engaged in discriminatory and harassing behavior against her beginning as early as September 2006 because of her race and gender. In December 2007, Ms. Blakeney filed a charge of discrimination with the EEOC alleging that she had been discriminated against because of her race. Her charge did not allege sexual harassment or retaliation as her civil complaint does.

On July 31, 2008, the EEOC issued Ms. Blakeney a Notice of Right to Sue ("NRTS"). Ms. Blakeney's amended complaint alleges that she received the NRTS on "approximately August 4, 2008." (Am. Compl. at ¶ 15.) The certified mail return receipt for the NRTS obtained by defendant through a Freedom of Information Act ("FOIA") request confirms that the date of delivery was August 4, 2008. (Shorey Aff. at Ex. A.) After filing a *pro se* civil complaint on November 4, 2008, Ms. Blakeney later retained counsel and amended her complaint. Defendant then filed the present motion to dismiss the amended complaint or, in the alternative, to strike certain allegations made in it.

## **ANALYSIS**

*A.     Standard of Review*

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A court considers only the pleadings when deciding a Rule 12(b)(6) motion. Where the parties present matters outside of the pleadings and the court considers those matters, as here, the motion is treated as one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Gadsby*

2

*by Gadsby v. Grasmick,* 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.,* 241 F. Supp. 2d 551, 556 (D. Md. 2003). The parties, however, "shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). The requirement of "reasonable opportunity" means that all parties must be provided with notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment, which can be satisfied when a party is "aware that material outside the pleadings is before the court." *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious").

In this case, because both parties attached supporting materials to their papers, there was adequate notice that the defendant's motion might be treated as one for summary judgment. *See Laughlin*, 149 F.3d at 260-61 (finding that where both the plaintiff and the defendant attached supporting affidavits the plaintiff had actual notice that the motion could be disposed of as one for summary judgment). If Ms. Blakeney had thought that further discovery was necessary to oppose summary judgment adequately, Rule 56(f) obligated her not only to indicate her need for discovery but also to set out reasons for her need in an affidavit, which she has not done. *See* Fed. R. Civ. P. 56(f); *see also Laughlin*, 149 F.3d at 261 (refusing to overturn district court's grant of summary judgment on assertions of inadequate discovery when the nonmoving party failed to make an appropriate motion under Rule 56(f)). Therefore, the court will consider the affidavits and additional materials submitted by the parties and will treat the defendant's motion as a motion for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witness' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

    B.    Title VII Claims

Plaintiff asserts several claims under Title VII, including one for racial discrimination, harassment, and hostile work environment, one for sexual harassment, and one for retaliation.

The City argues that Ms. Blakeney's claims are time-barred because they were not filed within ninety days of delivery of the NRTS.[3]

Title VII plaintiffs have ninety days to file their claims after they have received a NRTS. 42 U.S.C. § 2000e-5(f)(1). The Fourth Circuit has adopted a constructive, rather than actual, receipt rule to determine when the filing limitations period begins to run. This means delivery of the NRTS to the prospective plaintiff's address of record, rather than the plaintiff's actual receipt of the NRTS, ordinarily triggers the filing period. *Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir. 1993) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987)). In cases where the date of delivery is disputed or unknown, courts in the Fourth Circuit apply the "mailbox rule" and presume that the NRTS was delivered three days after it was mailed. *See, e.g.*, *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796-97 (E.D. Va. 2007); *Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999); *Williams v. Enterprise Leasing Co. of Norfolk/Richmond*, 911 F. Supp 988, 991-92 (E.D. Va. 1995).

In this case, there is no genuine dispute over the date the July 31, 2008 NRTS arrived at Ms. Blakeney's address of residence. The amended complaint alleges that Ms. Blakeney received the NRTS on "approximately August 4, 2008." (Am. Compl. at ¶ 15.)[4] Moreover, the certified mail return receipt for the NRTS is dated August 4, 2008. (Shorey Aff. at Ex. A.)

---

[3] The defendant also argues that Ms. Blakeney's sexual harassment claim fails because she did not exhaust her administrative remedies with regard to that claim. While that argument appears persuasive, the issue will not be decided because the statute of limitations is dispositive.

[4] The original complaint stated without qualification that the NRTS was received on August 4, 2008.

Because Ms. Blakeney filed her civil complaint on November 4, 2008 – ninety-two days later – she failed to commence this action within the ninety day filing limitations period.[5]

Although she argues otherwise, the date that Ms. Blakeney personally came into possession of the NRTS is not dispositive for the purpose of determining when the filing limitations period began to run. In her opposition to defendant's motion to dismiss, Ms. Blakeney contends for the first time that while the NRTS may have arrived at her home on August 4, 2008, it did not actually come into her possession until August 7, 2008, because she was out of town until the early morning of August 5th and a friend retrieved her mail in her absence. (Pl.'s Opp'n to Def.'s Mot. to Dismiss Am. Compl. at 6; Blakeney Aff. at ¶¶ 2 & 4.) To rebut this contention, the defendant submitted a photocopy of the certified mail return receipt for the NRTS dated August 4, 2008 and signed for by "Ruby Blakeney". (Shorey Aff. at Ex. A.) As the defendant points out, the signature on the return receipt matches Ms. Blakeney's signature as it appears on her original complaint and affidavit, suggesting that Ms. Blakeney did in fact personally receive the NRTS on August 4th. (Def.'s Supp. Mot. at Exs. A & B.) Ms. Blakeney has not argued that the signature on the return receipt is not hers, nor does the court have any reason to find that it is not. But even viewing the evidence in the light most favorable to Ms. Blakeney, under the Fourth Circuit's constructive receipt rule, the date she actually came into possession of the NRTS is not controlling. Consequently, the filing period began to run on

---

[5] Even if there was uncertainty as to the date of delivery, the mailbox rule would apply and the court would presume that the NRTS was delivered three days later on August 3, 2008, in which case Ms. Blakeney's complaint would still be untimely.

August 4, 2008, the date of delivery to the plaintiff's address of record.[6] Thus, Ms. Blakeney's

Title VII claims are untimely.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion, construed as one for summary

judgment, will be granted. A separate Order follows.


|  September 30, 2009 | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[6] Furthermore, an equitable tolling of the filing period is not appropriate in this case. Equitable tolling is appropriate only in rare circumstances where injustice would otherwise result. *See Watts-Means*, 7 F.3d at 42; *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Fourth Circuit has consistently held that where a plaintiff actually comes into possession of the NRTS a few days after delivery, there is no showing that there was insufficient time within which to file a complaint, and equitable tolling is inappropriate. *Watts-Means*, 7 F.3d at 42 (holding that equitable tolling was inappropriate where the plaintiff received a notice from the post office that a letter from the EEOC had arrived, but did not pick up the NRTS until five days later); *Harvey*, 813 F.2d at 654 (finding that where the plaintiff actually received the NRTS six days after delivery to his home because his wife had put it aside while he was out of town, equitable tolling was not justified because there was no reason a complaint could not have been filed during the remaining eighty-four days); *Roberson v. Bowie State Univ.*, 899 F. Supp. 235, 238 (D. Md. 1995) (finding that equitable tolling was not justified where the plaintiff's daughter signed for delivery of the NRTS, but the plaintiff did not actually open it until seventeen days later). Here, assuming that Ms. Blakeney did not actually come into possession of the NRTS until August 7, 2008, she still had eighty-seven days in which to file her complaint.

7